IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOSEPH MOORE, individually and on behalf of those similarly situated, | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:05-CV-133 (CDL) |
| FRED'S STORES OF TENNESSEE, INC., | * |
| | * |
| Defendant. | * |

O R D E R

Plaintiff's failure to disclose his claims asserted in this lawsuit in his previously filed Chapter 7 bankruptcy case has complicated the present proceedings. The Court presently has several pending motions which depend preliminarily upon a determination as to whether the Plaintiff or the Chapter 7 bankruptcy trustee is the proper party to pursue the claims. For the following reasons, the Court finds that Plaintiff is judicially estopped from pursuing these claims, that Plaintiff does not have standing to pursue these claims, and that the trustee has failed to carry her burden of establishing standing to pursue her claims. Therefore, Defendant's Motion for Summary Judgment as to Plaintiff's claims (Doc. 28) is granted and Plaintiff's motion to substitute the bankruptcy trustee is denied (Doc. 35). The Court further finds that Plaintiff should not be allowed to amend his Complaint to substitute the opt-in plaintiffs as the named plaintiffs to pursue the collective action. The claims of

the opt-in plaintiffs shall be dismissed without prejudice and the entire action shall be dismissed.

## BACKGROUND

On November 21, 2005, Plaintiff Joseph Moore brought this action pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* Moore claims that Defendant Fred's Stores of Tennessee, Inc., violated § 207 of the FLSA by improperly classifying employees as "exempt" and failing to compensate those employees for overtime. Moore brought this action under FLSA § 216(b) individually and on behalf of others similarly situated.

On February 28, 2006, while the present action was pending, Moore filed a petition for relief under Chapter 7 of the federal bankruptcy laws. *See In re Moore*, No. 06-40114 (Bankr. M.D. Ga. 2006). Moore failed to disclose this action or any of the claims asserted in it to the bankruptcy court or his creditors on his initial disclosure of assets. Upon learning of Plaintiff's bankruptcy and failure to disclose these claims, Defendant filed a motion in this Court on April 19, 2006, to dismiss Moore's claims (or in the alternative for summary judgment) for lack of standing and based upon the doctrine of judicial estoppel. Moore subsequently amended his bankruptcy schedule to disclose this FLSA action. He also entered into an agreement with the bankruptcy trustee whereby the trustee agreed to exempt up to $5,000.00 of any recovery that she made on the claims asserted in this lawsuit. In other words, the

2

trustee agreed to allow Plaintiff to retain $5,000.00 of any recovery made on Plaintiff's FLSA claim.

The issues presently before the Court are:  1) whether Plaintiff is prevented from pursuing his FLSA claims in this lawsuit based upon the doctrine of judicial estoppel and/or his otherwise lack of standing; 2) whether the bankruptcy trustee should be substituted at this time as the real party in interest to pursue Plaintiff's FLSA claims; and 3) whether this action should proceed as a collective action based upon the Court's rulings on the foregoing issues.

## DISCUSSION

### I.  Can Plaintiff Proceed With His Claims?

Plaintiff cannot continue the pursuit of his claims in this lawsuit if his failure to disclose these claims in his bankruptcy proceedings judicially estops him from maintaining those claims, or if he otherwise lacks standing to bring those claims because they belong to the bankruptcy trustee.  The Court finds that for both of these reasons Plaintiff cannot maintain his FLSA claims in this lawsuit, and Defendant's Motion for Summary Judgment as to those claims must be granted.

"Judicial estoppel is an equitable doctrine invoked at a court's discretion," *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citation omitted), that "precludes a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  *Barger v. City*

*of Cartersville*, 348 F.3d 1289, 1293 (11th Cir. 2003) (internal quotation marks and citation omitted). The doctrine "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Burnes*, 291 F.3d at 1285 (citation and internal quotation marks omitted).

In order for judicial estoppel to apply, the court must first find that "a party's allegedly inconsistent positions [] have been made under oath in a prior proceeding." *Barger*, 348 F.3d at 1293. Next, the court must find that the inconsistencies were "calculated to make a mockery of the judicial system." *Id.* at 1294. In other words, the party must have taken inconsistent positions and must have intended to take those inconsistent positions. Here, it is undisputed that Moore failed to initially disclose this lawsuit or his FLSA claims in his statement of financial affairs submitted to the bankruptcy court under oath. He took a position under oath in the bankruptcy proceeding (the absence of any FLSA claim) that is inconsistent with his pursuit of those claims in this present proceeding. He is therefore judicially estopped from pursuing those FLSA claims in this proceeding if the Court finds that he purposefully and intentionally failed to disclose the claims in the bankruptcy proceeding.

"For purposes of judicial estoppel, intent is a purposeful contradiction—not simple error or inadvertence." *Barger*, 348 F.3d at

4

1294. It is not enough that a claim is accidentally concealed from the bankruptcy estate. Instead, the concealment must be deliberate. This intent, of "deliberate or intentional manipulation[,] can be inferred from the record." *Burnes*, 291 F.3d at 1287.

As a debtor, Moore had a duty to "disclose all assets, or potential assets, to the bankruptcy court." *Id.* at 1286. This includes pending lawsuits. In fact, the statement of financial assets specifically asked Moore to "[l]ist all suits and administrative proceedings to which [he] is or was a party within **one year** immediately preceding the filing of [his] bankruptcy case." (Doc. 28, Ex. D (emphasis in original).) In that statement, Moore did disclose two lawsuits to which he or his wife was a party, but he failed to disclose this lawsuit.

This omission could not have been inadvertent. *See Burnes*, 291 F.3d at 1287 ("[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."); *Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003). The present lawsuit was filed on November 21, 2005, and he filed his bankruptcy petition only three months later on February 28, 2006. Furthermore, Plaintiff made no attempt to amend his bankruptcy schedule to disclose the claims in this action until after Defendant filed a Motion to Dismiss the present action for lack of standing and because of judicial estoppel. *See Barger*, 348 F.3d

at 1297 (explaining that amending the schedule after the defendant has filed for summary judgment "deserves no favor" because it suggests that "a debtor should consider disclosing potential assets only if he is caught concealing them") (citation omitted).  Under these circumstances, Plaintiff is judicially estopped from asserting these claims.

Even if Plaintiff were not judicially estopped from asserting these claims, he would still be unable to pursue them because he lacks standing.  Plaintiff's claims became property of the bankruptcy estate upon the filing of Plaintiff's bankruptcy petition.  Thus, the claims could only be pursued by the trustee.  *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

Defendant's Motion for Summary Judgment must therefore be granted because (1) Plaintiff lacks standing to assert his claims in this lawsuit, and (2) because he is judicially estopped from pursuing those claims.

**II.   Can the Bankruptcy Trustee Pursue Plaintiff's FLSA Claims?**

After receiving Defendant's Motion to Dismiss based upon judicial estoppel and lack of standing, Plaintiff's attorneys began scurrying around to find a way to rescue Plaintiff's claims.  They now seek to substitute the trustee so that the trustee can pursue the Plaintiff's FLSA claims.  Although the record is not entirely clear, a fair reading of that record reveals that the bankruptcy trustee for some reason agreed to exempt $5,000.00 of any claim that Plaintiff

may have in this lawsuit. The ultimate effect of that exemption would be to permit Plaintiff to recover all or a portion of his FLSA claim notwithstanding his failure to disclose the claim in a timely manner in the bankruptcy proceeding. Moreover, enforcement of that agreement would be contrary to the purposes of the doctrine of judicial estoppel. Therefore, it is clear that in light of this Court's finding that Plaintiff is judicially estopped from pursuing his FLSA claims, the bankruptcy trustee cannot be allowed to pursue such claims if the result of that pursuit would be for the Plaintiff to benefit in any way from any such recovery by the trustee. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1273 n.4 (11th Cir. 2004)(recognizing that judicial estoppel against the debtor may also limit a trustee's recovery to "prevent an undeserved windfall from devolving on the non-disclosing debtor").

The next question then becomes whether the bankruptcy trustee should be substituted in this action as the plaintiff to pursue the FLSA claims only for the benefit of the bankruptcy estate and its creditors. It is clear that when a debtor files a bankruptcy petition, all of the debtor's property becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541. The bankruptcy code, however, does permit a debtor to exempt certain property from distribution. *Id.* at § 522. If no objection is made to an exemption, the property is exempt and belongs to the debtor. *Id.*

In this case, the Plaintiff did not list his FLSA claim as exempt property when he filed his petition initially. As explained previously, he did not list the claim at all. However, the trustee has now agreed with the debtor that $5,000.00 of his FLSA claim shall be exempt. If Plaintiff's FLSA claim is less than the exemption of $5,000.00, then it is clear that it does not belong to the trustee. *See Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992); *Allen v. Green (In re Green),* 31 F.3d 1098 (11th Cir. 1994). It does not matter whether the debtor had a "colorable basis" for claiming the exemption. *Taylor*, 503 U.S. at 643-44. Therefore, even though Plaintiff is judicially estopped from personally recovering on his FLSA claim and thus may not have had a colorable basis for the exemption, this does not void the exemption as to the trustee and permit the trustee to pursue an otherwise exempt claim. *Id.*

The present record is silent as to the total amount of Plaintiff's FLSA claim. Therefore, the issue presently before the Court is whether the trustee has standing to pursue Plaintiff's FLSA claim, with $5,000.00 of the claim being exempt (but not recoverable by the debtor), when the total value of the FLSA claim is unknown at this time.

A party seeking to invoke the jurisdiction of the federal court has the burden of establishing that it has standing to pursue its claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). For the trustee to establish standing in this case, she must

establish that the FLSA claim she seeks to pursue exceeds the exemption amount of $5,000.00. The record is silent as to the value of the FLSA claim, and it would be sheer speculation to conclude that it exceeds $5,000.00. Therefore, the Court finds that the trustee has failed to establish standing to pursue this claim. Accordingly, Plaintiffs' motion to substitute the bankruptcy trustee as a party is denied.

### III. Effect of Court's Preceding Rulings on this Collective Action

Having dismissed the individual claims of the named Plaintiff and having found that the trustee does not have standing to pursue the claims, the Court finds that this entire collective action should be dismissed. The claims of those persons who have opted-in prior to the date of this Order shall be dismissed without prejudice. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (explaining that when a collective action is not conditionally certified the appropriate procedure is to dismiss the opt-in claims without prejudice) (citation omitted); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (same).[1]

---

[1] The Court denies Plaintiff's motion to amend his Complaint to now make these opt-in plaintiffs the named plaintiffs to pursue the collective action. The Court finds that justice does not require such an amendment and given the history of this case the Court has concerns as to whether such an amendment is a contrivance to avoid the effects of judicial estoppel.

CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 28) as to Plaintiff's claims is granted.  Plaintiffs' motion to substitute the bankruptcy trustee (Doc. 35) is denied.  Plaintiff's motion to amend his complaint (Doc. 55) is denied.  The claims of the opt-in plaintiffs are dismissed without prejudice, and this entire action is dismissed.

IT IS SO ORDERED, this 16th day of August, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE